**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| TREMAINE DANIELS,            ) | No. ED CV 19-719-FMO (PLA) |
|                Plaintiff,      ) | |
|                        ) | **ORDER DISMISSING COMPLAINT WITH** |
|         v.                 ) | **LEAVE TO AMEND** |
| FEDERAL BUREAU OF PRISONS,   ) | |
|                Defendant.    ) | |

On April 18, 2019, Tremaine Daniels ("plaintiff"), a federal prisoner, filed a *pro se* civil rights Complaint pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). ("Complaint" or "Compl."). (ECF No. 1). He was subsequently granted leave to proceed *in forma pauperis.* (ECF No. 5). Plaintiff, housed at the Federal Correctional Institute Victorville II in Adelanto, California, names as sole defendant the Federal Bureau of Prisons, in its official capacity. (Compl. at 2-6).

Plaintiff purports to raise claims for "emotional distress and cruel and unusual punishment" arising out of an incident report he received for "refus[ing] general population" after his admission to protective custody. (<u>Id.</u> at 5). Specifically, he alleges that he was admitted to protective custody on January 17, 2019, "due to issues [he] faced while being incarcerated." (<u>Id.</u>). "While in the SHU," plaintiff was served a "(306) incident report . . . because the officer said [plaintiff]

refused general population." (Id.).  Plaintiff alleges that he "should not have to be faced with these decisions," and that giving him "an incident report where [he] can potentially lose [his] good time is a conflict of interest."  (Id.).  He contends that "[t]hey (the staff) are forcing [him] to choose between safety and well being or spending an extra amount of time incarcerated which constitutes as emotional distress and cruel and unusual punishment."  (Id.).  He alleges that "[t]here shouldn't be any retaliation on the administration[']s behalf in the form of incident reports."  (Id.).  Plaintiff seeks punitive and compensatory damages.  (Id. at 6).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  The Court's screening of the pleading under the foregoing statute is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. §1915(e)(2), courts apply the standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 668, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (internal citation omitted).

The Court is mindful that because plaintiff is appearing *pro se* the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, it is particularly important in a civil rights case filed by a *pro se* inmate to attempt to ascertain plaintiff's claims to protect his access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule that courts liberally construe filings by *pro se* litigants, especially in civil rights cases filed by inmates, "relieves *pro se* litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"). In addition, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory supporting the claim alleged. See Johnson v. City of Shelby, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (per curiam) (noting that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"). The Supreme Court has made it clear, however, that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004). Further, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004).

After careful review of the Complaint under the foregoing standards, the Court finds that, as discussed in more detail below, the Complaint is deficient and must be dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

## A.    SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS

Under the doctrine of federal sovereign immunity, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Vaccaro v. Dobre, 81

F.3d 854, 857 (9th Cir. 1996).  Consequently, plaintiff's civil rights claims against the Federal Bureau of Prisons, the sole defendant, are barred by sovereign immunity.

If plaintiff amends, he must allege facts showing how individually named defendants caused or personally participated in causing the constitutional harm alleged in the amended complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  A Bivens claim may be maintained only against federal employees in their individual rather than official capacities. See Holloman v. Watt, 708 F.2d 1399, 1401-02 (9th Cir. 1983) (per curiam).

**B.     RULE 8**

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d) ("Rule 8").  Rule 8 states:

> A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). Furthermore, "[e]ach allegation **must be simple, concise, and direct**.  No technical form is required." Fed. R. Civ. P. 8(d)(1) (emphasis added).  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. Johnson, 135 S. Ct. at 347. Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

In addition to his failure to name a proper defendant, plaintiff does not separately identify

his constitutional claims or state which defendant(s) committed which act(s) against him. For instance, in "Claim I" (which is the only claim specifically asserted), with respect to the civil right he alleges has been violated, he states "Emotional Distress and Cruel and Unusual Punishment." (Compl. at 5). In the supporting facts, he states that although on January 17, 2019, he was admitted to the institution as a "protective custody" inmate, he nevertheless received an incident report for refusing to attend a program with the general population, which he deems to be "a conflict of interest in regards to protective custody procedures," and "retaliation" for his refusal to leave protective custody to attend programming with the general population, where he might be in danger. (Id.). Plaintiff does not identify any defendant by name, merely alleging that unnamed "staff" forced him to "choose between safety and well being or spending an extra amount of time incarcerated" (as such an incident report could potentially result in a loss of custody credit). (Id.). If plaintiff wishes to pursue a claim under any of these legal theories, then plaintiff must set forth factual allegations that a specific defendant took an affirmative action, participated in the action of another, or failed to take an action that he or she was legally required to do that allegedly caused a constitutional violation. In order to comply with Rule 8, plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil, 66 F.3d at 199.

Therefore, the Court finds that plaintiff's Complaint fails to comply with Rule 8.

## C.    EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT

Plaintiff's Complaint does not specifically reference the Eighth Amendment, but alleges "cruel and unusual punishment" by the "staff." (Compl. at 5). To the extent that plaintiff purports to raise an Eighth Amendment claim, it is unclear to the Court whether such claim is based on the conditions of his confinement, a failure to protect from dangerous conditions, or both. Regardless, to state such a claim, plaintiff must allege facts showing that the deprivation alleged is, objectively, sufficiently serious, and the prison official is, subjectively, deliberately indifferent to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Plaintiff's allegation that the actions of unnamed staff constitute cruel and unusual punishment is

conclusory and is not entitled to a presumption of truth when the Court assesses whether plaintiff's allegations are sufficient to state a plausible claim.  See, e.g., Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible").

If plaintiff wishes to state a claim under the Eighth Amendment against any defendant based on the conditions of his confinement or a failure to protect from dangerous conditions, then he should set forth a short and plain statement of each such claim against each defendant with sufficient supporting factual allegations to provide each defendant with notice of the factual basis for any such claim.

## D.  EMOTIONAL DISTRESS

As discussed above, plaintiff alleges that he suffered "emotional distress" from unnamed "staff" forcing him to choose between his safety and well being and "an extra amount of time incarcerated."  (Compl. at 5).  It is unclear to the Court whether plaintiff purports to allege a state law tort claim or a claim under the Federal Tort Claims Act ("FTCA").  See Kocol v. United States, 2014 WL 12586440, at *4 (C.D. Cal. Apr. 7, 2014) ("[Intentional infliction of emotional distress] is not the basis of a constitutional claim.") (citing, inter alia, Ratigan v. Trogvac, 2009 WL 648931, at *31 (M.D. Pa. Mar. 11, 2009) ("Plaintiff cannot raise a state law Intentional Infliction of Emotional Distress claim in this Bivens civil rights action.  The FTCA, and not a Bivens action, is for claims against employees of the United States for money damages with respect to a tort cause of action.")).  To the extent plaintiff intends to raise an FTCA claim, the only proper party defendant in an FTCA action is the United States.  See Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).  Further, if plaintiff intends to assert a claim for intentional infliction of emotional distress, he must show: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (citation and internal quotation marks omitted).  "Severe emotional distress means

emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (citation and internal quotation marks omitted).

Here, none of the facts alleged in the Complaint suggests emotional distress so severe that no reasonable person in civilized society should be expected to endure it and that any defendant acted with the intention of causing, or in reckless disregard of the probability of causing, emotional distress.

If plaintiff wishes to state a claim for emotional distress, he must specify whether his claim is a state tort law claim or a claim under the FTCA. Additionally, he should set forth a short and plain statement of each such claim against each defendant with sufficient supporting factual allegations to provide each defendant with notice of the factual basis for any such claim.

## E.    FIRST AMENDMENT RETALIATION

To the extent plaintiff purports to allege a claim of retaliation under the First Amendment by alleging "there shouldn't be any retaliation on the administration's behalf in the form of incident reports" for requesting to be placed in protective custody, plaintiff does not have a Bivens remedy. The Supreme Court has never explicitly recognized a Bivens remedy for a First Amendment claim. See Reichle v. Howards, 566 U.S. 658, 663 n.4, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012) ("We have never held that Bivens extends to First Amendment claims.") (citations omitted). In addition, the Supreme Court has made clear that "expanding the Bivens remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857, 198 L. Ed. 2d 290 (2017) (citing Iqbal, 556 U.S. at 675). In deciding whether to find an implied cause of action, the Court must first consider whether this "case is different in a meaningful way from previous Bivens cases decided by [the Supreme] Court." Id. at 1859. If a case presents a new context for a Bivens action, a damages remedy may only be extended if the plaintiff has no "other adequate alternative remedy" and there are no "special factors" that would lead the court to believe that Congress rather than the courts should authorize a suit for money damages. Rodriguez v. Swartz, 899 F.3d 719, 738 (9th Cir. 2018). The Ninth Circuit recently declined to extend Bivens actions to First Amendment

claims in light of the available alternative remedies.[1] <u>Vega v. United States</u>, 881 F.3d 1146, 1152-55 (9th Cir. 2018) ("we decline to expand <u>Bivens</u> to include Vega's First and Fifth Amendment claims"); <u>see also</u> <u>Sutter</u>, 2019 WL 1841905, at *6 (declining to extend <u>Bivens</u> to plaintiff's First Amendment retaliation claims, given the adequate remedy of the BOP's administrative grievance process, a federal tort claims action, and the availability of injunctive relief, and other special factors such as executive policies, separation-of-power concerns, and a large burden to the judiciary and prison officials); <u>Winstead v. Matevousian</u>, 2018 WL 2021040, at *2-3 (E.D. Cal. May 1, 2018) (declining to find a <u>Bivens</u> cause of action for First Amendment retaliation claims because alternative remedies were available and Congress' actions "do not support the creation of a new <u>Bivens</u> claim" in the area of prisoners' rights); <u>Jones v. Hernandez</u>, 2017 WL 5194636 (S.D. Cal. Nov. 9, 2017) (declining to extend a <u>Bivens</u> remedy to a First Amendment retaliation claim because special factors counseled hesitation).

Here, to the extent plaintiff intends to state a First Amendment retaliation claim, his claim is not cognizable as a <u>Bivens</u> action. Plaintiff has an adequate remedy in the BOP's administrative grievance process, a federal tort claims action, and the availability of injunctive relief. <u>See</u> <u>Sutter</u>, 2019 WL 1841905, at *6. In addition, other special factors such as executive policies, separation-of-powers concerns, a large burden to the judiciary and prison officials, and Congress' actions in the area of prisoners' rights do not support extending <u>Bivens</u> to plaintiff's First Amendment retaliation claim. <u>See</u> <u>id.</u>

/

---

[1] Prior to the Supreme Court's decision in <u>Abbasi</u>, the Ninth Circuit held that <u>Bivens</u> may be extended to First Amendment claims. <u>See</u> <u>Gibson v. United States</u>, 781 F.2d 1334, 1342 (9th Cir. 1986) (stating that "because plaintiffs have alleged that FBI agents acted with the impermissible motive of curbing [the plaintiff's] protected speech, they have asserted a claim properly cognizable through a <u>Bivens</u>-type action directly under the First Amendment"); <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 967 n.4 (9th Cir. 2009) ("This court . . . has held that <u>Bivens</u> authorizes First Amendment damages claims.") (citing <u>Gibson</u>, 781 F.2d at 1342). These pre-<u>Abbasi</u> cases are no longer controlling. <u>See</u>, <u>e.g.</u>, <u>Sutter v. United States of America</u>, 2019 WL 1841905, at *6 n.4 (C.D. Cal. Mar. 12, 2019) (agreeing with "several district courts in the Ninth Circuit . . . that these pre-<u>Abbasi</u> cases are no longer controlling") (citing <u>Lee v. Matevousian</u>, 2018 WL 5603593, at *4 (E.D. Cal. Oct. 26, 2018)).

Based on the above, plaintiff's Complaint is **dismissed with leave to amend**.[2] **If plaintiff desires to pursue this action, he must file a First Amended Complaint no later than June 3, 2019**; the First Amended Complaint must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.**

/

/

/

/

/

/

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

1        In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary

2 dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed

3 to attach a Notice of Dismissal form for plaintiff's convenience.

4        **IT IS SO ORDERED**.

5

6 DATED: May 2, 2019                _____

7                                        PAUL L. ABRAMS
                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28