# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| TREMAINE DANIELS, <br><br>  Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, et al., <br><br> Defendants. | No. ED CV 19-719-FMO (PLA) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On April 18, 2019, Tremaine Daniels, a federal prisoner presently held at FCC Victorville, Adelanto, California, filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (ECF No. 1). He was subsequently granted leave to proceed without prepayment of the filing fee. (ECF No. 5). Plaintiff named as sole defendant the Federal Bureau of Prisons ("BOP"). (ECF No. 1 at 3).

Plaintiff purported to raise one claim for "emotional distress and cruel and unusual punishment" arising out of an incident report he received for "refus[ing] general population" after his admission to protective custody. (Id. at 5). "While in the SHU," plaintiff was served an "incident report . . . because the officer said [plaintiff] refused general population." (Id.). Plaintiff alleged that giving him "an incident report where [he] can potentially lose [his] good time is a conflict of interest." (Id.). Plaintiff also alleged that "[t]hey (the staff) are forcing [him] to choose

between safety and well being or spending an extra amount of time incarcerated which constitutes as [sic] emotional distress and cruel and unusual punishment." (Id.). He alleged that "[t]here shouldn't be any retaliation on the administration[']s behalf in the form of incident reports." (Id.). Plaintiff sought punitive and compensatory damages. (Id. at 6).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e.

After careful review of the Complaint, the Court found that the allegations in the Complaint appeared insufficient to state a claim. Accordingly, the Complaint was dismissed with leave to amend. Plaintiff was ordered, if he desired to pursue this action, to file a First Amended Complaint no later than June 3, 2019, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint or failed to remedy the deficiencies of his pleading as discussed, then the Court would recommend that the action be dismissed without further leave to amend. (ECF No. 7).

Plaintiff filed a First Amended Complaint ("FAC") on May 28, 2019. (ECF No. 10). In the FAC, plaintiff names as defendants the Director of the BOP; Warden Malusnic of USP Victorville; Mr. Barrigan, a "Special Investigative Specialist at USP Victorville;" M. Tate, an SHU counselor; and Correctional Officer Flores. All defendants are named in their official as well as individual capacities. (Id. at 3-4). Plaintiff again appears to raise only one claim, in which he references the Eighth Amendment, retaliation, and "emotional distress." (Id. at 5-6). Plaintiff seeks declaratory and injunctive relief regarding plaintiff's disciplinary action(s) and the restoration of his lost good time credits. (Id. at 7). Plaintiff also seeks compensatory and punitive damages. (Id.).

In accordance with the mandate of the PLRA, the Court once again has screened the FAC prior to ordering service. The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under

a cognizable legal theory. See, e.g., Kwan v. SanMedica Int'l, 854 F.3d 1088, 1093 (9th Cir. 2017); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether a complaint should be dismissed under the [PLRA], we apply the familiar standard of Fed. R. Civ. P. 12(b)(6)."). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Further, it is particularly important in a civil rights case filed by a *pro se* litigant to attempt to ascertain plaintiff's claims to protect his or her access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule of liberal construction "relieves *pro se* litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"). In addition, the Court may not dismiss a claim because a *pro se* plaintiff has set forth an incomplete "legal theory supporting the claim" alleged. Johnson v. City of Shelby, 574 U.S. 10, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014). Finally, in determining whether a complaint states a "claim to relief that is plausible on its face," factual allegations are accepted as true and construed in the light most favorable to plaintiff. See, e.g., Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

After careful review of the FAC under the foregoing standards, the Court finds that plaintiff's allegations remain insufficient to state a short and plain statement of any claim and appear insufficient to state a plausible claim against any defendant. Further, it does not appear that this Court has subject matter jurisdiction over this matter. Accordingly, the FAC is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (a "*pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment" (internal quotation marks omitted)).

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than September 6, 2019, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend**.

**A.    SOVEREIGN IMMUNITY**

The Supreme Court has held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Such a suit "is **not** a suit against the official personally, for the real party in interest is the entity." Id. at 166 (emphasis in original); Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (a suit against officers and employees of the United States in their official capacities "is essentially a suit against the United States"). Here, plaintiff names all defendants, who are alleged to be employees of the BOP, in their official capacities. (ECF No. 10 at 3-4). Accordingly, the claims against defendants in their official capacities essentially are

4

claims against the United States.

The doctrine of sovereign immunity bars suits against the United States and its agencies, absent a waiver. See FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Gilbert, 756 F.2d at 1458-59 (suits against officers and employees of the United States in their official capacities are barred by sovereign immunity absent an explicit waiver). A "waiver of sovereign immunity must be 'unequivocally expressed' in statutory text," and the waiver must be "clearly evident from the language of the statute." FAA v. Cooper, 556 U.S. 284, 290, 132 S. Ct. 1441, 182 L. Ed. 2d 497 (2012) (quoting Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)). Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over cases against the United States. FDIC, 510 U.S. at 475. The United States has **not** waived its sovereign immunity for constitutional torts or actions brought pursuant to Bivens. See, e.g., FDIC, 510 U.S. at 476-78, 486; Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984) (rejecting a Bivens claim against federal agencies because there has been no waiver of sovereign immunity under Bivens). Further, a Bivens claim may only be maintained against federal employees in their individual capacities for monetary damages. See Ministerio Roca Solida v. McKelvey, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, Bivens suits are individual capacity suits and thus cannot enjoin official government action."); Holloman v. Watt, 708 F.2d 1399, 1401-02 (9th Cir. 1983) (per curiam) (a Bivens claim may be maintained only against federal employees in their individual rather than official capacities).

Accordingly, plaintiff may not bring any federal constitutional claims pursuant to Bivens against the United States, USP Victorville, or any federal employee in his or her official capacity because the Court lacks subject matter jurisdiction over such claims.

**B.    BIVENS CLAIMS**

A Bivens claim is an "implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." Vega v. United States, 881 F.3d 1146, 1152 (9th Cir. 2018); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55, 1869, 198 L. Ed. 2d 290 (2017) (explaining that Bivens provides an implied cause of action for money damages against individual

federal officials for certain constitutional violations similar to 42 U.S.C. § 1983). The Supreme Court has made clear that it is necessary to determine the availability of a Bivens remedy at the earliest possible stage in litigation. Hernandez v. Mesa, 137 S. Ct. 2003, 2006, 198 L. Ed. 2d 625 (2017). Further, the Supreme Court "has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity." Abbasi, 137 S. Ct. at 1857 (citing Iqbal, 556 U. S. at 675); see also Jesner v. Arab Bank, PLC, 138 S. Ct. 1386, 1402, 200 L. Ed. 2d 612 (2018) (noting the "[Supreme] Court's general reluctance to extend judicially created private rights of action," citing Abbasi). In deciding whether to find an implied cause of action, the Court first must determine if this "case is different in a meaningful way from previous Bivens cases decided by [the Supreme] Court." Abbasi, 137 S. Ct. at 1859. If a case presents a new context for a Bivens action, then a damages remedy may only be extended (1) if the plaintiff has no "other adequate alternative remedy" and (2) there are no "special factors" that would cause the court to believe that Congress rather than the courts should authorize a suit for money damages. See Rodriguez v. Swartz, 899 F.3d 719, 738 (9th Cir. 2018) (*petition for cert. filed*, Sept. 7, 2018).

To the extent that plaintiff is purporting to raise a claim for retaliation pursuant to the First Amendment, plaintiff does not appear to have a Bivens remedy. The Supreme Court has never explicitly recognized a Bivens remedy for a First Amendment claim. See Reichle v. Howards, 566 U.S. 658, 663 n.4, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012) ("We have never held that Bivens extends to First Amendment claims."); Iqbal, 556 U. S. at 675 ("we have declined to extend Bivens to a claim sounding in the First Amendment"). Further, the Ninth Circuit recently noted that "neither the Supreme Court nor [the Ninth Circuit] have expanded Bivens in the context of a prisoner's First Amendment access to the court or Fifth Amendment procedural due process claims arising out of a prison disciplinary process."[1] Vega, 881 F.3d at 1153-54; see also

---

[1] Prior to the Supreme Court's decision in Abbasi, the Ninth Circuit held that Bivens may be extended to First Amendment claims. See Gibson v. United States, 781 F.2d 1334, 1342 (9th Cir. 1986) ("because plaintiffs have alleged that FBI agents acted with the impermissible motive of curbing [a plaintiff's] protected speech, they have asserted a claim properly cognizable through a Bivens-type action directly under the First Amendment"); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 967 n.4 (9th Cir. 2009) ("This court . . . has held that Bivens authorizes First Amendment damages claims." (citing Gibson, 781 F.2d at 1342)). These cases were decided

Buenrostro v. Fajardo, 770 F. App'x 807, 808 (9th Cir. May 22, 2019) (declining to extend Bivens to a First Amendment claim for retaliation raised by a federal prisoner and finding that "an alternative remedial structure exists," such as the BOP's administrative grievance process) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3); Winstead v. Matevousian, 2018 WL 2021040, at *2-3 (E.D. Cal. May 1, 2018) (declining to find a Bivens cause of action for First Amendment retaliation and denial of access to the courts claims because alternative remedies such as the BOP administrative grievance process, a federal tort claims action, or a writ of habeas corpus were available, and the actions of Congress "do not support the creation of a new Bivens claim" in the area of prisoners' rights). Here, it is not clear to the Court what claim or claims pursuant to the First Amendment plaintiff may be raising, but any such claims would require an extension of Bivens, which is disfavored.

In addition, the Supreme Court previously has only recognized a Bivens claim pursuant to the Eighth Amendment for failure to provide adequate medical treatment. See Abbasi, 137 S. Ct. at 1855, 1864 (citing Carlson v. Green, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980)). In Abbasi, the Supreme Count found that implicating a slightly different constitutional right under the Fifth Amendment for an allegation that guards abused pre-trial detainees constituted "a modest extension" of Bivens that required "a special factors" analysis. Id. at 1864-65; see also Schwarz v. Meinberg, 761 F. App'x 732, 733-35 (9th Cir. 2019) (finding that an Eighth Amendment claim arising from unsanitary cell conditions presented a new Bivens context and rejecting an extension of Bivens to such a claim because the prisoner had "alternative processes by which to pursue his claims and remedies," and an expansion of Bivens for these claims "would substantially affect government operations and unduly burden BOP officials").

Here, plaintiff appears to be alleging that BOP officials violated the Eighth Amendment by

---

prior to Abbasi and are no longer controlling. See, e.g., Sutter v. United States of America, 2019 WL 1841905, at *6, n.4 (C.D. Cal. Mar. 12, 2019) (rejecting the extension of Bivens to a First Amendment retaliation claim and agreeing with other district courts in the Ninth Circuit that the "pre-Abbasi cases are no longer controlling"); Free v. Peikar, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (noting that, nationwide, "district courts seem to be in agreement that, post-Abassi, prisoners have no right to bring a Bivens action for violation of the First Amendment").

punishing plaintiff for requesting not to be housed in the General Population (ECF No. 10 at 5-6), but it is unclear to the Court whether plaintiff's Eighth Amendment claim(s) is based on the conditions of his confinement, a failure to protect plaintiff from dangerous conditions, or some other legal theory. Regardless, because plaintiff does not appear to be alleging a claim under the Eighth Amendment for inadequate medical treatment, the Court finds it unlikely that it would extend Bivens to such a claim because plaintiff appears to have alternative processes by which to pursue his claims. See, e.g., Garraway v. Ciufo, 2019 WL 3546429, at *4-5 (E.D. Cal. Aug. 5, 2019) (declining to extend Bivens to a claim under the Eighth Amendment for failure to protect a prisoner from his cellmate because it "is different in a meaningful way from previous Bivens cases" and alternative remedies exist); Winstead, 2018 WL 2021040, at *3 (declining to find an implied Bivens cause of action because prisoner's Eighth Amendment claims for deliberate indifference to an inmate assault presented a different context and plaintiff had alternative remedies available).

        Moreover, a Bivens action cannot provide the injunctive or declaratory relief plaintiff seeks herein. The Supreme Court in Bivens recognized a cause of action for plaintiffs to recover "*money damages*" for injuries caused by constitutional violations by federal officials. See, e.g., Ministerio Roco Solida, 820 F.3d at 1094 (citing Bivens, 403 U.S. at 397) (emphasis in original).

        Accordingly, to the extent that plaintiff may be purporting to state a First Amendment retaliation claim, his claim is not cognizable as a Bivens action; and, to the extent that plaintiff sets forth a short and plain statement of a claim pursuant to the Eighth Amendment, the Court will likely decline to extend Bivens to such a claim.

**C.    FEDERAL RULE OF CIVIL PROCEDURE 8 ("RULE 8")**

        Plaintiff's FAC still fails to comply with Rule 8(a) and Rule 8(d). Rule 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Furthermore, "[e]ach allegation **must be simple, concise, and direct**. No

technical form is required." Fed. R. Civ. P. 8(d)(1) (emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants "fair notice of the claims against them"). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. Johnson, 135 S. Ct. at 347. Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179. Here, it remains unclear in the FAC what claim(s) plaintiff is purporting to raise against each defendant in this action. Plaintiff does not separately identify each constitutional claim or set forth facts showing which defendant(s) committed which act(s) against him and at what time. In the FAC, plaintiff raises a single "Claim I," apparently against all defendants, but within this "claim" plaintiff appears to allege different violations under the Eighth Amendment and references retaliation and "emotional distress." (ECF No. 10 at 5-6). Plaintiff fails to set forth supporting facts for any claim, and he alleges generally that he was subjected to "punishments that were both unfair and cruel," apparently when he was "forced" to choose between his safety and the loss of good time credit. (Id.). Plaintiff also states within this single "claim" the conclusory allegations that BOP Director Hurwitz had a "policy mandating the practice of punishing inmates for requesting protective custody" and that Warden Malusnic implemented the practice of disciplining "those inmates who refuse to go to open population due to fear of safety." (Id.). Additionally, defendant Barrigan is alleged to have recommended at an unspecified time that plaintiff be "sanctioned" after plaintiff told him about plaintiff's "fears and risk of being placed in General Population," but plaintiff alleges

no supporting facts showing that plaintiff faced an objectively serious risk. (Id.). Defendant Flores is alleged to have written three incident reports, but plaintiff fails to set forth any factual allegations stating when or for what purpose the reports were issued. (Id. at 6). To the extent that plaintiff is purporting to raise any claim against any of these defendants, plaintiff must set forth a short and plain statement of the specific actions taken by each defendant or clearly allege which defendant failed to take what action that he or she was legally required to do that caused a constitutional violation. In order to comply with Rule 8, plaintiff must allege a minimum factual basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. As the Supreme Court has made clear, in order to state a claim against an individual defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge each claim "across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.

Accordingly, the Court finds that plaintiff's FAC violates Rule 8.

**D. PLAINTIFF CANNOT SEEK RESTORATION OF HIS GOOD TIME CREDIT HERE**

Plaintiff's FAC seeks, in part, to have "incident reports" expunged and his "loss [sic] good time credits restored." (ECF No. 10 at 7). Plaintiff appears to be seeking to set aside a disciplinary action that resulted in a loss of behavioral credits. However, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of … confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990). Thus, plaintiff may not use a civil rights action to challenge the validity of his continued incarceration, seek expungement of his disciplinary conviction(s), or seek the restoration of any lost good-time credits. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (barring a civil rights challenge to a prison disciplinary action revoking good-time credits because success on the claim "would necessarily imply the invalidity of the punishment imposed"). Thus, plaintiff may not use a civil rights action to seek expungement of a disciplinary conviction(s) that resulted in the loss of credits if those credits necessarily implicate the length of his confinement. Such relief only is

available in a habeas corpus action. To the extent that plaintiff appears to be seeking habeas relief in some of his claims, the Court will recommend that plaintiff's claims be dismissed without prejudice to allow plaintiff to raise them in a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In addition, to the extent that plaintiff may be attempting to use this civil rights action to seek monetary damages for an allegedly unlawful disciplinary action where success would *necessarily* implicate the fact or duration of his confinement, his claims are not cognizable in a civil rights action unless and until plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under Heck, if a judgment in favor of plaintiff on a civil rights action "would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated." Heck, 512 U.S. at 487; see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (applying Heck to claims raised in a Bivens action, and holding that "the rationale of Heck applies to Bivens actions").

Because plaintiff has failed to set forth a short and plain statement of the factual basis for any claim, it is not clear to the Court what claims plaintiff is purporting to raise in this action. However, plaintiff may not use a civil rights case such as this to seek expungement of a disciplinary action or to seek the restoration of any lost credits if those credits necessarily implicate the length of his confinement. Such relief only is available in a habeas corpus action. Further, plaintiff may not seek monetary damages for an allegedly unlawful disciplinary action if success on his claims in this case would necessarily implicate the duration of his confinement unless and until plaintiff can show that the disciplinary action has been reversed, expunged, or declared invalid. Heck, 512 U.S. at 486-87.

~~~

Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide him with one additional opportunity to amend. Based on the above deficiencies, plaintiff's FAC is

**dismissed with leave to amend.**[2]  **If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than September 6, 2019**, remedying the deficiencies discussed herein.  Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, **the Court will recommend that the action be dismissed without further leave to amend**.

The Second Amended Complaint must bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, attachment or document.  Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend**.

---

[2]  Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim.  Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: August 12, 2019

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE